**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PACIFIC POWER GUAHAN, INC., | CIVIL CASE NO. CV0643-22 |
| Plaintiff, | |
| vs. | DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| TATUHA, INC. dba LUCKY LATTE BINGO, | |
| Defendant. | |

This matter came before the Honorable Dana A. Gutierrez on November 19, 2024 for a Motion Hearing on Defendant Tatuha Inc. dba Lucky Latte Bingo's ("Tatuha") Motion to Dismiss. Present at the hearing were Robert Jensen ("Jensen"), shareholder and representative for Plaintiff Pacific Power Guahan, Inc. ("PPG"), Louise Rivera, president and representative of Tatuha, and Attorney Geri Diaz on behalf of Tatuha. Upon review of the record, arguments of the parties, and applicable Guam law, the Court hereby **GRANTS** Tatuha's Motion to Dismiss ("Motion").

## BACKGROUND

PPG is a corporation duly organized under the laws of Guam and is in the business of selling and leasing supplies used primarily for bingo games. Compl. ¶ 2 and ¶ 4. Tatuha operates bingo games as Lucky Latte Bingo to fundraise for local community programs. *Id.* at ¶ 5; Answer at 7. On May 8, 2022, PPG and Tatuha entered into a contract in which Tatuha would lease bingo supplies and tablets from PPG for use at Lucky Latte Bingo. *Id.* at ¶ 6; Errata to Compl. Ex. A. The contract stated that starting on July 23, 2022, PPG "shall provide [Tatuha] with complete installation, ongoing technical support and Units repair/replacement" and "shall provide 24 hour

online support and or [sic] have a IT tech visit in person to keep operations running." Errata to Compl. Ex. A. In consideration, Tatuha agreed to pay $8,000.00 per week plus an additional $3,000.00 to cover maintenance services, subject to an interest rate 12% per annum for unpaid past due balances. *Id.*

In addition to the contractual agreement, PPG claims that it loaned Tatuha $47,372.11 to assist Tatuha with its operations and office supplies, and a later $6,193.65 loan to cover payroll expenses. Compl. ¶ 17-18. Under the agreement, Tatuha was to repay the loan from the profits of the bingo agreement between the parties. *Id.* at ¶ 19-29.

On November 21, 2022, PPG filed a Complaint against Tatuha for breach of contract, alleging although PPG delivered bingo supplies, Tatuha has not performed payment pursuant to the contract, causing PPG to suffer $137,000 in damages. Compl. at ¶ 21-27. PPG further alleges that Tatuha failed to repay PPG for the loans, and requests a total of $190,565.76 in monetary damages. *Id.* at ¶ 28-39, and at 5.

On January 9, 2023, Tatuha filed its Answer and Counterclaim ("Counterclaim"). Tatuha denied that it failed to perform and denied existence of the loans. Tatuha countered that PPG had failed to provide functional and operational bingo systems or proper IT technical support, and consequently, Tatuha could not conduct any bingo fundraising activities. Answer at 8. As a result, Tatuha requests $298,158.60 for loss of profits. *Id.* at 10.

Thereafter, on February 13, 2023, PPG filed its Answer to Tatuha's Counterclaim. A Scheduling Order and Discovery Plan was ordered on April 12, 2023, setting a due date of January 9, 2024 for the pre-trial documents, and the bench trial for January 29, 2024. Tatuha filed its trial brief on January 2, 2024. However, on January 4, 2024, PPG's counsel filed a Motion to Withdraw as Counsel and Memorandum of Points and Authorities ("Motion to Withdraw"). In the Motion to

2

Withdraw, PPG's counsel stated that PPG had failed to pay attorney's fees and costs as required and that there had been a "breakdown in communication" that rendered representation difficult. Mot. Withdraw at 1.

On February 8, 2024, the Court held a hearing on the Motion to Withdraw. PPG's representative, Jensen, did not appear at the motion hearing. The Court issued an Order granting the Motion to Withdraw on February 19, 2024.

After PPG's counsel withdrew, the Court held a series of status hearings. The first was on March 19, 2024, but PPG's representative, Jensen failed to appear. Accordingly, another Status Hearing was set for April 23, 2024.

On April 19, 2024, Tatuha emailed Jensen and requested that he contact Tatuha to discuss whether PPG had retained alternative counsel or if PPG still wished to continue the action against it, but Jensen did not respond. Decl. Geri E. Diaz ¶ 20.

Jensen did appear at the Status Hearing on April 23, 2024, and pursuant to his request, the Court provided him with thirty days to find counsel. However, the Court warned Jensen that he needed to continue to appear for hearings and to provide updated information to the Court. Min. Entry at 9:28:56 a.m. (Apr. 23, 2024).

The Court held the next Status Hearing on May 29, 2024. Mr. Jensen informed the Court that he was still having difficulty finding counsel, but that he was returning to Guam permanently on June 21, 2024 and would be better able to find an attorney. Min. Entry at 9:22:34 a.m. (May 28, 2024). In response, the Court provided Jensen with an extension to seek counsel and instructed Jensen to contact Tatuha when he did so. *Id.* at 9:25:17 a.m.

The last Status Hearing was held on July 16, 2024, and Jensen again failed to appear. He also failed to respond to an email from Tatuha prior to the hearing requesting an update on the

3

status of the retention of counsel. Decl. Geri E. Diaz ¶ 25.

On August 2, 2024, Tatuha filed its Motion. PPG never filed any response or objection to the Court.

## DISCUSSION

Tatuha moves the Court to dismiss PPG's Complaint for failure to prosecute under Guam Rules of Civil Procedure ("GRCP") Rule 41(b) and 41(c). Mot. Dismiss at 1.

GRCP Rule 41(b) states, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

In *Santos v. Carney*, 1997 Guam 4, the Supreme Court of Guam adopted the Ninth Circuit's five-factor test, which are hereinafter referred to as the *"Santos* factors," to determine whether dismissal pursuant to a GRCP Rule 41(b) motion to dismiss for failure to prosecute is appropriate. The *Santos* factors are:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket,
3. The risk of prejudice to the [moving party]
4. The public policy favoring the disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Santos,* 1997 Guam 4 ¶ 5. "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Lujan v. McCreadie,* 2014 Guam 19 ¶ 24 (quoting *Park v. Kawashima,* 2010 Guam 10 ¶ 10).

### A.  *Santos* **Factors #1 and #2: The Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket**

The first two *Santos* factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—should be evaluated in conjunction with one another

4

because they serve similar goals. *E.g., Guam Econ. Dev. Auth. v. Affordable Home Builders. Inc.,* 2013 Guam 12 ¶ 29; *McCreadie,* 2014 Guam 19 ¶ 8.

The Supreme Court of Guam has noted that a trial court should refrain from dismissing a case when the delay is reasonable. *Affordable Home Builders,* 2013 Guam 12 ¶ 13. "A delay is unreasonable if there is a significant period of total inactivity by the [claimant], the [claimant] fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or the [claimant] fails to obey court rules and court orders." *Id.* at ¶ 14 (citing *Edwards v. Harris Cnty. Sheriff's Dep't,* 864 F.Supp. 633, 637 (S.D.Tex.1994)). The burden is on the claimant to show the delay is reasonable. *Affordable Home Builders,* 2013 Guam 12 ¶ 18 ("It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed . . . ."). However, a lengthy delay does not warrant dismissal if the claimant has been pursuing their case diligently. *Id.* ¶ 19. The trial court has deference to determine the reasonableness of the delay. *Id.* at ¶ 25.

To evaluate this factor, the Court must calculate the length of delay attributable to the claimant and examine whether the delay is a result of good cause. *Id.* at ¶ 18. In assessing unreasonable delay, the relevant time period "is from the inception of the case until the filing of the motion to dismiss." *McCreadie,* 2014 Guam 19 ¶ 12.

Tatuha argues that PPG and Jensen "was on full notice of its need to find new counsel" since the Motion to Withdraw was filed on January 2, 2024. Mot. Summ. J. at 7. However, during that time, "Mr. Jensen and PPG disregarded [status hearings] because they willfully chose not to appear," and have shown "a complete lack of regard to the court's processes, procedures and timelines to keep this case moving," as they "have known no evidence" in pursuing the case. Mot. Summ. J. at 9.

5

In this matter, PPG initially prosecuted the case diligently by filing an Answer to Tatuha's counterclaim, attending the Scheduling Conference on April 12, 2023 and appearing at Status Hearings on September 12, 2023, October 30, 2023, and November 21, 2023.

However, PPG's actions began to cause delays in the progression of the case shortly thereafter. PPG failed to pay his counsel necessary attorney's fees and costs. This caused his attorneys to withdraw only weeks before trial, citing to both PPG's failure to pay as well as "a breakdown in communication" between PPG and its counsel. Mot. Withdraw at 1.

Since the Court granted the Motion to Withdraw, PPG has not taken any action to further pursue the case. PPG did not file any documents in response to Tatuha's Motion to Dismiss or any other documents to update the Court.

PPG has also failed to appear at half of the status hearings set by the Court. PPG's representative, Jensen, appeared on behalf on PPG at two of the status hearings, but did not offer explanations for PPG's non-appearance at the other hearings.[1] Jensen did cite to difficulty to retain new counsel due to conflicts of interest, and the Court granted him extensions. Min. Entry. At 9:18:32-9:19:09 (May 28, 2024). Jensen assured the Court that would be relocating back to Guam on June 21, 2024, which would make the process easier. Min. Entry. at 9:22:34 (May 28, 2024). However, in the five months that elapsed between Jensen's return to Guam, to the Motion Hearing, he still did not retain counsel. Rather than diligently seek counsel, Jensen stated that "nothing was working out, so I kind of gave up on it." Min. Entry. at 2:21:55 p.m. (Nov. 19, 2024). Therefore, PPG has had ample opportunities to seek additional counsel to help move this case forward.

Furthermore, PPG also failed to obey court orders. The Court warned Jensen at a Status

---

[1] Jensen was notified of the hearings each time by the email address provided to the Court. He also made contact with representatives at Tatuha during this time through the same email address. *See* Mot. Dismiss at 3.

Hearing on April 23, 2024 that he needed to be appearing on behalf of PPG to keep the Court updated. Min. Entry 9:28:47 a.m. Jensen still failed to appear at the July 16, 2024 Status Hearing. Additionally, at the previous hearing, the Court had ordered Jensen to report to the Court on his efforts to find an attorney (Min. Entry 9:25:50 a.m. (May 28, 2024)), but Jensen did not do so because he failed to appear.

Jensen told the Court that he failed to appear at the hearing because the email he previously provided to the Court was hacked and no longer used.[2] Min. Entry. at 2:12:20 p.m. (Nov. 19, 2024). Any plaintiff that was diligent in pursuing his claims would have updated the Court with reliable contact information to continue the matter and avoid further delays. Not only did Jensen fail to do so, but he stated that he "was under the assumption that the matter was over." *Id.* at 2:13:35 p.m. Jensen's failure to update the Court with reliable contact information caused unreasonable delay in the proceedings, and his demeanor towards the matter does not indicate to the Court that he is actively pursuing the case.

In sum, the Court finds that PPG has failed to satisfy its burden that its delay was reasonable and that it has been diligently pursuing its claims. Thus, the first two *Santos* factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal.

B.    *Santos* **Factor # 3: The Risk of Prejudice to the Moving Party**

Tatuha argues that the third *Santos* factor—the risk of prejudice it has faced—weighs in favor of dismissal because it has suffered financial issues, constant worrying about the case, and delays in getting adequate bingo equipment. Min. Entry 2:31:05 p.m. (Nov. 19, 2024).

---

[2] Jensen also stated that he would have failed to appear at the Motion Hearing had Rivera not informed him of the hearing during a meet up the night before the hearing. Min. Entry at 2:13:09 p.m. (Nov. 19, 2024).

Additionally, it argues that since it faced unreasonable delay, the prejudice suffered is presumed. Mot. Dismiss at 9.

Tatuha is correct in that if a delay is determined to be unreasonable, then a rebuttable presumption exists that the moving party is prejudiced by the delay. *See United Pac. Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6 ¶¶ 30–31. "The Plaintiff bears the burden of showing that the delay is reasonable." *Santos*, 1997 Guam 4 ¶ 5. "[O]nce a delay is determined to be unreasonable, prejudice . . . is presumed." *Affordable Home Builders*, 2013 Guam 12 ¶ 34. This is because "[u]nreasonable delay produces a presumption of prejudice because of the inherent risk of fading memories and the ephemeral nature of evidence." *Id.*

In this matter, PPG did not put forth any evidence that the delay was reasonable. Actually, PPG did not oppose this Motion. Its representative even appeared nonchalant at the Motion Hearing when the Court asked for his position on the Motion, stating "whatever the Court decides, I'll go with it." Min. Entry at 2:22:54 p.m. (Nov. 19, 2024). Thus, PPG did not satisfy its burden to show that the delay is reasonable. Since the delay is unreasonable, prejudice is presumed.

Therefore, the Court finds that the third *Santos* factor—the risk of prejudice to the moving party—weighs in favor of dismissal.

**C.** **_Santos_ Factor # 4: The Public Policy Favoring Disposition of Cases on Their Merits**

The next consideration under Santos is the public policy favoring the disposition of cases on their merits. Public policy favors disposing of cases on their merits rather than premature dismissal of cases. *McCreadie*, 2014 Guam ¶ 21. However, "this factor should not be used defensively as a shield by a passive [claimant] who has failed in his obligation to prosecute . . . with the vigor expected of a [claimant]." *Id.* "This factor should be weighed against the first two

8

factors to determine whether the policy of disposing of cases on their merits justified the delay. *Id.* "The question is whether the policy of determining cases on their merits justifies the delay and prejudice caused by [the party's] actions." *Park*, 2010 Guam 10 ¶ 22.

In this matter, PPG has been a passive claimant who has failed to prosecute with the vigor expected of a claimant. However, the Court also recognizes the significant public policy interest in disposing of cases on their merits. The Court finds that the public policy interest here weighs against dismissal.

However, dismissal is still appropriate if four factors favor dismissal, so the Court continues its analysis. *See McCreadie*, 2014 Guam 19 ¶ 24.

**D.** ***Santos* Factor # 5: Availability of Less Drastic Sanctions**

"Dismissal for failure to prosecute is considered a harsh sanction, only to be used in extreme circumstances . . . . In part, dismissal under Rule 41(b) is considered harsh or drastic because it 'operates as an adjudication on the merits.'" *Affordable Home Builders*, 2013 Guam 12 ¶ 47 (quoting GRCP Rule 41(b)). However, "the trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Park*, 2010 Guam 10 ¶ 24 (internal citations omitted). "A trial court is not required to examine every single alternate remedy in deciding if sanction of dismissal is appropriate." *Id.*

Here, the Court already granted PPG extensions to find an attorney, but Jensen expressed that he has already given up on doing so. Jensen has not expressed further willingness to pursue an attorney, or the case. Additionally, the Court does not find that monetary sanctions would be appropriate given Jensen's financial difficulties. *See* Min. Entry at 2:15:51 p.m. (Nov. 19, 2024). The Court is not aware of any other less drastic sanctions that could help to progress the matter.

Consequently, the Court finds that the fifth *Santos* factor also weighs in favor of dismissal.

Because four of the five *Santos* factors weigh in favor of dismissal, the Court shall dismiss PPG's claim without prejudice. *See Guam Housing and Urban Renewal Authority (GHURA) v. Dongbu Insurance Co., Ltd.*, 2002 Guam 3 ¶ 11 ("[D]ismissal for failure to prosecute may be granted either with or without prejudice.").

Tatuha also stated, "[i]f this court should grant Tatuha's Motion to Dismiss pursuant to GRCP Rule 41(b), Tatuha will also dismiss its counterclaims against PPG so that there will be a final resolution of all issues in this case." Mot. Dismiss 11. Therefore, the Court also dismisses Tatuha's Counterclaim without prejudice.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Tatuha's Motion to Dismiss. Accordingly, PPG's Complaint is **DISMISSED** without prejudice. Tatuha's Counterclaim is also **DISMISSED** without prejudice.

SO ORDERED: _____JAN 28 2025_____.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

10